UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
VAESO, INC.,                                                             :
                                                                         :
                                                                         :       22 Civ. 1220 (PAE)
                                              Plaintiff,                 :
                                                                         :              ORDER
                    -v-                                                  :
                                                                         :
HIGH PEAK SOFTWARE, INC.,                                                :
                                                                         :
                                              Defendant.                 :
                                                                         :
                                                                         :
------------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

On February 14, 2022, plaintiff Vaeso, Inc. ("Vaeso") filed the complaint in this case. Dkts. 1, 6 (corrected filing). On March 8, 2022, defendant High Peak Software, Inc. ("HPS") answered. Dkt. 19. The same day, the Court scheduled an initial pretrial conference for March 29, 2022. Dkt. 20. On March 29, 2022, the Court held the initial pretrial conference and issued the civil case management plan. Dkt. 29 ("CMP"). The CMP stated that "Any motion to amend or to join additional parties shall be filed within thirty (30) days from the date of this Order." *Id.* ¶ 3. It further provided for fact discovery to end in 120 days from the date of the order—that is, on July 27, 2022. *Id.* ¶ 5.

On June 27, 2022, Vaeso filed a motion for an extension of time to amend the complaint. Dkt. 43 ("Mot."). The motion stated that Vaeso sought to add counts pertaining to delay damages; "additional expenses" damages; and loss of opportunity. The same day, the Court directed HPS to respond to plaintiff's motion by June 30, 2022, and directed Vaeso to file the proposed amended complaint the next day. Dkt. 45; *see* Dkt. 46 (proposed amended complaint). On June 30, 2022, HPS timely responded, opposing Vaeso's request. Dkt. 47 ("Opp.").

Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave [to amend a pleading] when justice so requires."  The Supreme Court has directed courts to grant leave to amend under Rule 15 in the absence of factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The non-moving party has the burden to show any prejudice of the proposed amendment. *See, e.g.*, *Vasto v. Credico (USA) LLC,* No. 15 Civ. 9298 (PAE), 2016 WL 3926466, at *1 (S.D.N.Y. July 18, 2016).  However, "[w]here, as here, a scheduling order governs amendments to the complaint . . . the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"  *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (cleaned up).  "Whether good cause exists turns on the 'diligence of the moving party.'"  *Id.* at 335 (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2003)); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (describing diligence of moving party as "primary consideration" but not "the only consideration" and noting factor of "whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants").

Here, HPS relies on the *Foman* factors of undue delay and undue prejudice.  The Court agrees that Vaeso's motion is unduly delayed.  It is approximately two months past the CMP's deadline for amended pleadings.  *See* CMP.  And Vaeso does not proffer any reasons why such causes of action, which pertain to lost damages, could not have been included in Vaeso's February complaint.  *See Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007) ("Bay Harbour has not sufficiently explained the delay [in filing an amended

2

pleading], however, and the delay thus is a factor weighing against granting leave to amend."). Accordingly, Vaeso has not demonstrated "good cause" to modify the CMP, because it has not acted diligently in moving so tardily. *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174–75 (S.D.N.Y. 2014) ("A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline.") (citation omitted); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause.").

HPS further argues that it would be prejudiced by Vaeso's amended complaint because additional discovery would need to be taken on such claims, and discovery in the case is well advanced already. Opp. at 4. Vaeso appears to so concede. *See* Mot. at 2 ("A true estimate of the loss cannot be conducted without additional discovery[.]"). Allowing Vaeso to amend at this late stage would hamstring the timely resolution of the case, including by delaying discovery for a time period Vaeso does not illuminate. That, too, counsels against allowing amendment. *See Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) ("One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action.") (citation omitted). Accordingly, the Court denies Vaeso's motion for an extension of time to amend the complaint.[1]

---

[1] HPS correctly notes that Vaeso did not comply with the Court's Individual Rules in its letter motion, but the Court denies the motion for the reasons stated herein.

SO ORDERED.

                                                                         *Paul A. Engelmayer*
                                                                         Paul A. Engelmayer
                                                                         United States District Judge

Dated: July 1, 2022
        New York, New York