**LISTON ABRAMSON**

The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, New York 10174

New York Office
Main: (212) 257-1630
www.listonabramson.com

July 1, 2022

    Re: <u>Vaeso, Inc. v. High Peak Software, Inc., Civil Action No. 22 Civ. 1220-PAE</u>

Dear Judge Engelmayer:

  We submit this letter under Local Rule 37.2 and Rule 2.C of the Court's Individual Rules and Practices to ask the Court to hold an informal conference to resolve discovery disputes in the above-referenced matter.

    **Defendant's First Requests for Production of Documents.**

  On April 15, 2022, Defendant High Peak Software, Inc. ("HPS") propounded its First Requests for Production of Documents to Vaēso, Inc. ("Vaeso") and Impactiva S. de R.L. ("Impactiva") (collectively, "Plaintiffs"). On May 23, 2022,[1] Plaintiffs responded to HPS's Requests for Production, therein objecting to certain of HPS's Requests, and refusing to produce responsive documents on the basis of those objections.

  For purposes of this letter, HPS limits its discussion to Plaintiffs' objections to Request Nos. 17, 20, 21, 22, 23, 24, 25, 26, and 27. Those Requests are set forth in their entirety below:

**<u>Request for Production No. 17</u>:** Provide all documents, including communications between Vaeso and any other party to this case, which evidence, describe, or otherwise relate to the end users of the Services and Deliverables provided by HPS pursuant to the MSA in this matter, including all customers and clients of Vaeso, including all contracts between such end user, customer, or client and Vaeso which evidence, describe, contemplate, incorporate, rely upon, derive from, include, or otherwise relate to the Services and Deliverables.

**<u>Request for Production No. 20</u>:** Provide a capitalization table showing the corporate capitalization structure of Vaeso from January 1, 2018 through the date of these Requests.

**<u>Request for Production No. 21</u>:** Provide all balance sheets of Vaeso from January 1, 2018 through the date of these Requests.

**<u>Request for Production No. 22</u>:** Provide all profit and loss statements of Vaeso from January 1, 2018 through the date of these Requests.

**<u>Request for Production No. 23</u>:** Provide all contracts between Vaeso and any third party from January 1, 2018 through the date of these Requests which in any way relate or refer to the Services and Deliverables.

---

[1] The parties agreed to extend the time for Plaintiffs to respond through May 23, 2022.

**Request for Production No. 24:** Provide all distribution agreements between Vaeso and any third party from January 1, 2018 through the date of these Requests which in any way relate or refer to the Services and Deliverables.

**Request for Production No. 25:** Provide documents sufficient to show the gross revenues and net profits obtained by Vaeso from January 1, 2018 through the date of these Requests which in any way derives from or relates to the Services and Deliverables.

**Request for Production No. 26:** Provide all minutes of board meetings of the board of directors of Vaeso from January 1, 2018 through the date of these Requests.

**Request for Production No. 27:** Provide all notices to the shareholders of Vaeso from January 1, 2018 through the date of these Requests.

Plaintiffs objected to each of these Requests as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further objected to Request Nos. 21, 22, 23, 24, 25, 26, and 27 as "being made to embarrass and annoy the Plaintiff by demanding confidential [] information of the Plaintiff."

HPS's Requests are relevant to the allegations, claims, and defenses set forth in this case because they are reasonably limited so as to not impose an undue burden on Plaintiffs to produce responsive documents, and only seek information to test the veracity of *specific allegations raised in the Complaint* as to the performance of the Software and Deliverables provided by HPS and the extent of Plaintiffs' damages, if any.

Federal Rule of Civil Procedure 26(b)(1) provides that:

> the scope of discovery is as follows: Parties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Information within this scope of discovery need not be admissible in evidence to be discoverable*.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

It is undisputed that at least some portion of Plaintiffs' business consists of integrating systems for the management and reporting of manufacturing activities into Plaintiffs' customers' manufacturing facilities, and that HPS's Services and Deliverables, including software created by HPS, are integral components of those systems.

Defendant's Requests are relevant because they are reasonably calculated to lead to the production of admissible evidence which tests the veracity of Plaintiffs' numerous assertions that HPS's Services and Deliverables, including the HPS software, were "defective and unusable."

Complaint [Dkt. 6], ¶ 39.  [*See also* Complaint [Dkt. 6], ¶¶ 15, 16, 17, 37, 38, 40, 41, 42 ,43, 44.]. Because Plaintiffs are not the end-users of the HPS software, HPS's Requests, particularly Request Nos. 17, 23, and 24, seek information pertaining to the use of the HPS software by Plaintiffs' customers and clients, in order to explore the factual basis underlying Plaintiffs' allegations regarding the inadequacy of the HPS software.

HPS's Requests are also reasonably limited because they only pertain to Plaintiffs' clients and customers who have been, or were planned to be, end-users of HPS's Deliverables, including its software developed under the parties' agreements.  Because the parties entered into the Master Services Agreement ("MSA") in 2018, and HPS began development of the software thereafter, these Requests are also necessarily limited to the four-year time period from 2018 to the present.

HPS's Request Nos. 20, 21, 22, 25, 26, and 27 are also relevant to the claims and issues in this case, in that they are reasonably calculated to lead to the production of admissible evidence which tests the veracity of Plaintiffs' allegations that they have incurred damages, including the extent of any alleged damages.  [*See* Complaint [Dkt. 6], ¶¶ 32, 34, 44, 45, 48, 52, 53.].  The same Requests are also reasonably calculated to explore the factual basis underlying Plaintiffs' allegations regarding the proposed issuance of warrants to HPS, the value of such warrants, and whether or not such proposed warrants adequately compensated HPS for its work performed.  [*See* Complaint [Dkt. 6], ¶¶ 18, 20.].  [*See also* Answer [Dkt. 18], ¶¶ 12-13.].  These Requests are neither overly broad nor unduly burdensome because they are expressly limited to the time period from January 1, 2018 through the present, *i.e.* – a period of four (4) years.  Given the issues in this case, the amount in controversy, the parties' resources and relative access to information, Plaintiffs' objections and withholding of responsive documents on this basis is improper.

**Defendant's First Requests for Admission.**

On May 16, 2022, HPS propounded its First Requests for Admission to Vaeso.  Vaeso has asserted that HPS's Requests for Admission were untimely served, and accordingly Vaeso has refused to respond to HPS's Requests for Admission.

The Court's Case Management Order [Dkt. 29] requires that Requests to Admit be served by May 15, 2022, however, May 15, 2022 was a Sunday.  Accordingly, under Fed. R. Civ. P. 6(a)(1)(C) and Local Civil Rule 6.4, HPS's Requests were timely served on the following business day; May 16, 2022.

Counsel for HPS hereby certify that on June 27, 2022, we met and conferred in good faith with Plaintiffs' counsel via videoconference, and that such meet-and-confer was unsuccessful in resolving the discovery disputes discussed herein.  Accordingly, HPS asks that the Court hold an informal conference to resolve these discovery disputes.

Respectfully submitted,

 */s/ David G. Liston*  
David G. Liston

cc:  Counsel of Record