# LISTON ABRAMSON

The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, New York 10174

New York Office
Main: (212) 257-1630
www.listonabramson.com

July 14, 2022

       Re:     <u>Vaeso, Inc. v. High Peak Software, Inc., Civil Action No. 22 Civ. 1220-PAE</u>

Dear Judge Engelmayer:

       This letter is submitted under Rule 37.2 of the Local Rules of this Court, Rule 2.C of the Court's Individual Rules and Practices, and the Court's Order (Dkt. 57).  Pursuant to Rule 2.C of the Court's Individual Rules and Practices, this letter is limited to Plaintiff Vaeso, Inc.'s ("Vaeso") and Third-Party Defendant Impactiva S. de R.L.'s ("Impactiva") (collectively "Plaintiffs") discussion of Defendant High Peak Software, Inc.'s ("HPS") Discovery Responses.

       As an initial matter, Plaintiffs have not complied with Rule 2.C of the Court's Individual Rules and Practices, as the Rule requires that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute."  Counsel for Defendant hereby certify that no such meet-and-confer was had in this matter with respect to Defendant's Discovery Responses.

       Moreover, Plaintiffs make multiple false representations to the Court with respect to the contents of Defendants' production of documents.

       By way of example, but not limitation, Plaintiffs state that Defendant produced "no documentation" responsive to Plaintiffs' Request No. 4, to the extent that it sought documents supporting the allegations of Paragraph 13 of Defendant's Answer.  [Dkt. 56, p. 2.].[1]  Plaintiffs' representation is false because on May 23, 2022, Defendant provided Plaintiffs with responsive documents, identified by reference to Plaintiff s' Request Number, which were bates-labeled HPS_379-598, along with eight (8) native-format Excel Spreadsheets labeled 4_Excel_1-8, which consisted of emails and communications between the parties with attached, proposed agreements, spreadsheets, and tables setting forth the parties' agreement regarding at-cost billing in exchange for equity, and detailed accounting of such at-cost billing and HPS's foregone profits which should have been compensated with equity in accordance with the parties' agreement.

       As another example, Plaintiffs state that "HPS produced nothing in response" to Request for Production No. 21, which requested documents supporting Defendant's performance of work under the parties' agreement.  [Dkt. 56, p. 4.].  Plaintiff s' representation is false because on May 28, 2022, Defendant provided Plaintiffs with responsive documents, identified by reference to Plaintiff s' Request Number, which were bates-labeled HPS_1277-1611, along with sixty-one (61) native-format Excel Spreadsheets labeled 21_Excel_1-61, and which consisted of emails, invoices, and spreadsheets setting forth the hours worked by Defendant's employees, their hourly rates, the

---

[1] Paragraph 13 of Defendant's Answer (Dkt. 18) alleged that the parties entered into an agreement whereby Defendant would bill resources "at cost with no markup in exchange for HPS being compensated through receipt of an equity stake in Impactiva/Vaeso."  [Dkt. 18, ¶ 13.].

periods during which such employees performed work for Plaintiffs, and detailed accounting of the monies owed to Defendant.

Plaintiffs also mistakenly represent to the Court that Defendants' document production includes spreadsheets "fabricated" or "manufactured for this litigation" without any underlying, supporting documents. [Dkt. 56, p. 3-6.]. Plaintiffs are mistaken because Defendant produced underlying, supporting documents in this matter (*see for example* 21_Excel_1-61; HPS_1277-1611) and because the spreadsheets produced by Defendant were attachments to emails and communications between the parties to this matter, which spreadsheets were produced in their native format due to being excessively large, too unwieldy for conversion into PDF format, or illegible due to scaling issues if Defendant attempted to convert the same into PDF format.

By way of example, but not limitation, Plaintiffs state that "HPS only provide[d] a generated spreadsheet and no support" in response to Request for Production No. 28, which sought information supporting Paragraph 41 of Defendant's Counterclaims.[2] However, on May 23, 2022, Defendant provided Plaintiffs with responsive documents, identified by reference to Plaintiffs' Request Number, which were bates-labeled HPS_768-784, along with six (6) native-format Excel Spreadsheets labeled 28_Excel_1-6, which consisted of emails between the parties with attached spreadsheets regarding the parties' agreement for at-cost billing in exchange for equity, and detailed accounting of such at-cost billing and HPS's foregone profits which should have been compensated with equity in accordance with the parties' agreement.

Plaintiffs served sixty-four (64) Requests for Production of Documents upon Defendant. Defendant provided documents responsive to forty-two (42) of those 64 Requests; to wit, Request Nos. 1-9, 18-46, 53, 55, and 62-63. Defendant provided documents to Plaintiffs in response to these Requests in good faith, believing such documents to be responsive to those Requests. Defendant also responded that, to the extent it located responsive documents in its possession, custody, or control, Defendant would produce documents responsive to twenty-one (21) of those 64 Requests; to wit; Request Nos. 10-17, 47-52, 54, 57-61, and 64. However, as of the date of this Letter Response, Defendant has not identified additional documents in its possession responsive to those 21 Requests. Finally, Defendant refused to produce documents, and stood on its objections, as to only one (1) Request; to wit, Request No. 56.

Critically, Plaintiffs have not come forward with *any reason **why*** they assert Defendant's document production is inadequate. Plaintiffs conclude that "Defendant simply did not provide responsive documents to most questions … [or] ignor[ed] responses to seminal inquiries." [Dkt. 56, ¶ 6.]. However, Plaintiffs sought intervention directly from the Court, without making reasonable efforts to discuss the adequacy of Defendants' responses between counsel, when such concerns could have been raised and resolved in a more efficient manner.[3]

---

[2] Paragraph 41 of Defendant's Counterclaims alleges that Impactiva breached its payment obligation to Defendant in an amount not less than $2,126,173. [Dkt. 18, ¶ 41.].

[3] Plaintiffs' purported communication with Defendant's counsel was unreasonable and inadequate to satisfy the Court's Individual Rule 2.C. Rather than attempting to schedule a discussion on the adequacy of Defendant's discovery responses, Plaintiffs' counsel sent a letter to Defendant's counsel at 6:52 pm on July

LISTON ABRAMSON                                                                                          3

      Accordingly, Defendant opposes Plaintiffs' Letter Motion under Rule 37.2 of the Local Rules of this Court and Rule 2.C of the Court's Individual Rules and Practices, and Defendant respectfully requests that the Court deny any such relief to Plaintiffs.

Respectfully submitted,

 /s/ David G. Liston             
David G. Liston

cc:  Counsel of Record

---

6, 2022, in which Plaintiffs' counsel stated "[a]bsent immediate agreement by [Defendant] to substantially supplement the prior responses, I intend to move the Court for relief under LR 37.2." Plaintiffs filed their Letter Motion on July 8, 2022. [Dkt. 56.].