**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VAESO, INC.,

*Plaintiff,*

v.

HIGH PEAK SOFTWARE, INC.,

*Defendant.*

---

HIGH PEAK SOFTWARE, INC.,

*Counterclaim Plaintiff,*

v.

VAESO, INC.,

*Counterclaim Defendant.*

IMPACTIVA S. DE R.L.,

*Third Party Defendant.*

---

Civil Action No. 1:22-cv-01220-PAE

**AMENDED CIVIL CASE**
**MANAGEMENT PLAN AND**
**SCHEDULING ORDER**

---

This Amended Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.  This case is to be tried to **a jury**.

3.  Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. The deadline for the parties to file any motion to amend or join additional parties has expired, pursuant to paragraph 3 of the Court's Case Management Order (Dkt. 29).

4.  The deadline for the parties to file Initial Disclosures, pursuant to Fed. R. Civ. P. 26, has

1

expired, pursuant to paragraph 4 of the Court's Case Management Order (Dkt. 29).

5.    All <u>fact</u> discovery shall be completed no later than **September 30, 2022**.

6.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.   The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a.    The deadline for the parties to complete their initial requests for production has expired, pursuant to paragraph 6.a of the Court's Case Management Order (Dkt. 29).

    b.    The deadline for the parties to complete their initial interrogatories has expired, pursuant to paragraph 6.b of the Court's Case Management Order (Dkt. 29).

    c.    Depositions to be completed by **September 30, 2022**.

    d.    The deadline for the parties to complete their initial requests to admit has expired, pursuant to paragraph 6.d of the Court's Case Management Order (Dkt. 29).

7.    a.    All <u>expert</u> discovery shall be completed no later than **October 17, 2022**.

    b.    No later than thirty (30) days prior to the date in paragraph 5, *i.e.*, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement for a pre-motion conference before a motion for summary judgment is filed.   Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, *i.e.*, the close of fact discovery.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

        **the parties will continue to discuss potential resolution**

    b.    Counsel for the parties have discussed the use of the following alternate dispute

resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

**Counsel for the parties have discussed the use of alternative dispute resolution mechanisms and have agreed (i) to conduct a settlement conference before a Magistrate Judge; and (ii) potentially retain a private mediator, if necessary.**

c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

**(iii) retention of a privately-retained mediator after the close of fact discovery.**

d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Order date is thirty (30) days following the close of fact and expert discovery (whichever is later).   By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3).   Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date.    If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date.    Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission.    Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).   If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12.    Counsel for the parties have conferred and their present best estimate of the length of trial is **five (5) days**.

13.    Other items, including those in Rule 26(f)(3).

**The parties will produce documents pursuant to Fed. R. Civ. P. 34 in PDF or native format.**

**The parties will discuss the provisions of an appropriate Protective Order and will jointly move for the entry of said Protective Order.**

**The dates set forth in Paragraph 6 of this Order shall not prohibit the parties from serving further written discovery requests or responses beyond those dates, subject**

to the provisions of Fed. R. Civ. P. 33, 34, and 36.

---------------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

  The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14.  [Other]

15.  The next Case Management Conference is scheduled for November 14, 2022 at 11 a.m.

  This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.   Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

               Paul A. Engelmayer
               United States District Judge

Dated:  New York, New York

     July 20, 2022

4