

September 6, 2022

<u>**VIA ECF**</u>
Honorable Paul A. Engelmayer
United States District Court
40 Foley Square
New York, New York 10007

RE:   ***Vaeso, Inc. v. High Peak Software Inc.*,**
**Docket No. 22-cv-01220 (PAE)**

Dear Judge Engelmayer:

Pursuant to LR 37.2 and Individual Rule 2.C of the Court, Plaintiff, Vaeso, Inc. ("Vaeso") and Third-Party Defendant, Impactiva S. de R.L. ("Impactiva," and together with Vaeso, "Plaintiff") respectfully file the within letter-motion seeking a conference to address Defendant High Peak Software Inc.'s ("Defendant") refusal to produce several categories of relevant discovery in this action. Pursuant to Individual Rule 2.C, Plaintiff attaches documents demonstrating its good faith efforts to meet and confer with opposing counsel to resolve these disputes without the Court's intervention.

In particular, Defendant has failed to produce:

1. Native format documents for emails and their purported attachments which form the basis for Defendant's claims. On May 23, 2022, Defendant made an initial production of forty-four unsearchable pdf documents comprising some 1200 pages of emails, as well as seventy-five native format excel spreadsheets. Defendant made further productions on May 28, 2022, and August 19, 2022 comprised of ten additional unsearchable pdf documents and their allegedly associated excel spreadsheets, totaling approximately 3200 pages. In an August 1, 2022 email (**Attachment 1**), an August 23, 2022 letter (**Attachment 2**), and a September 1, 2022 meet and confer, Plaintiff repeatedly informed Defendant's counsel that this method of production (i) prevented searches of the information and purported attachments contained within the numerous, unrelated emails comprising each pdf, (ii) destroyed metadata that could authenticate each email, (iii) excluded attachments that provided information and context to responsive emails, and (iv) scattered connected materials across thousands of pages with no indication of where the material was originally located. Defendant has refused to date to produce the missing attachments or reproduce the existing emails in a usable format. Defendant has furthermore renamed what native format documents it has produced so that those documents cannot be connected with the titles they had when they were first exchanged by the parties.

**New York**
885 Third Avenue, 20th Floor
New York, NY 10022
Main:  212-209-3050

**Princeton**
4 Independence Way, Suite 120
Princeton, NJ 08540
Main:  609-514-1500

**Los Angeles**
227 Broadway, Suite 302
Santa Monica, CA 90401
Main:  310-337-2305

301588

**www.reitlerlaw.com**

Hon. Paul A. Engelmayer
September 6, 2022
Page 2

FRCP 34(b)(2)(E)(i) entitles Plaintiff to receive documents in the form they are kept in in the ordinary course of business.  Courts have routinely found behavior similar to Defendant's to be improper and have unequivocally held that parties may not convert material from the form it is customarily held in into a form that makes it more burdensome to access.  Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec., 255 F.R.D. 350, 355 (S.D.N.Y. 2008).  Attachments to an email must be produced alongside that email and production of "disassembled" materials of multiple emails constitutes a deficiency in production.  PSEG Power N.Y., Inc. v. Alberici Constructors, Inc., 2007 WL 2687670, *12 (N.D.N.Y. 2007).  Any burden placed upon Defendant in the reproduction of such material has further been held to be minor, since the producing party has already reviewed and collected the emails at issue.  In re Actos Antitrust Litig., 340 F.R.D. 549, 552 (S.D.N.Y. 2022).  Defendant need only provide the documents they collected in the forms they took prior to converting the documents into unsearchable pdf's.

2.  Financial information sufficient to evaluate Defendant's profits and costs for the period of August 2018 through January 2022.  Defendant has categorically refused to provide any financial information, despite asserting a claim for, "foregone profit accrued from August 2018 through January 2022." Defendant's Answer to Interrogatory No. 7 (**Attachment 3**).  By asserting a claim for lost profits and entering into a "Cost to Company" based agreement with Vaeso, Defendant placed its profits, costs and expenses at issue and must provide financial statements including profit and loss and income statements sufficient to allow these claims to be tested.

3.  Internal and external emails, communications and reports regarding bugs, patches and errors on the software Defendant was developing for Vaeso, as well as emails exchanged between Defendant and Vaeso management regarding the project, delays, and scope of work.  Defendant has claimed in its August 19, 2022 letter (**Attachment 4**) that it cannot locate any such documents and that all such materials were held on a "Jira Platform," software owned and controlled by Plaintiff.  However, Plaintiff has located numerous examples of such communications in both parties productions (**Attachments 5, 6, and 7**) that occurred over email.  These include vital documents sent to email addresses owned and maintained by Defendant and its employees that define the scope of the work and are essential to Plaintiff's effort to demonstrate Defendant's failure to comply with the terms of the Master Services Agreement.  For some inexplicable reason, Defendant claims it does not have (or worse, possibly has not retained) these critical documents.

Plaintiff has made every effort to accommodate Defendant's demands for documents and to date has produced over 12,000 emails and their associated attachments in native format. Plaintiff is prepared to fully comply with Defendant's document demands and produce profit and loss statements for its period of operation, all minutes from board meetings pertaining to its agreement with Defendant, all contracts with third-parties concerning the software at issue, present and retrospective copies of its cap tables, and any communications made by Impactiva to Defendant.  These records are voluminous and contain tens of thousands of documents.  Defendant

Hon. Paul A. Engelmayer
September 6, 2022
Page 3

cannot credibly assert that it has substantially completed its document production when its own production measures only a few hundred emails which have been improperly converted and separated from their attachments.

The undersigned herein certifies that the foregoing deficiencies were brought to the attention of the Defendant through counsel and could not be satisfactorily resolved without the intervention of the Court.

We thank the Court for its attention to this matter.

Respectfully submitted,

 s/ Leo G. Kailas
Leo. G. Kailas

Encl.
cc:     Counsel of Record