| | |
|---|---|
| **From:** | Kailas, Leo |
| **To:** | crosser@schoenthalerlaw.com; pfs@schoenthalerlaw.com; "David G. Liston"; "Alex G. Patchen" |
| **Cc:** | McKay, Jack; Kailas, Leo |
| **Subject:** | FW: Letter to HPS Counsel on Outstanding Discovery Issues |
| **Date:** | Monday, August 1, 2022 1:13:49 PM |
| **Attachments:** | HPS First Production Documents Lacking Attachments.xlsx |
| | DOCSLIB-#299818-v1-Response_to_Requests_for_Admission.pdf |

Dear Chris:

As we discussed on our call last week, we have put together a list below of outstanding discovery requests that we believe require further documentation.

In regards to your outstanding document requests, we will reach out to Jose Suarez and Vaeso to see if the financial and contractual information you are seeking can be disclosed once a protective order is in place.  To reconfirm, you are seeking: (1) documents pertaining to Vaeso's contracts with clients using software derived from HPS's work, (2) records of profits earned from the licensing or sale of that software, (3) Vaeso's cap table and financial documents sufficient to establish a current valuation of the warrants that were discussed with HPS, and (4) any minutes of board meetings or notices to shareholders pertaining to HPS, the software, or any agreement between the parties.  Please let us know if there are any areas we have missed.

      In regards to HPS's production, the following areas need further documentation:

      1.      The production numbers of the "numerous emails" that specify "the accrual of HPS foregone profit for providing services under the MSA" cited in your answer to Vaeso's Interrogatory No. 7.
      2.      Bug reports, patch notes, error reports and any other data generated by HPS reporting technical issues with the software or its development.  This particularly concerns the work of HPS' "QA Engineers," including but not limited to Jamuna Naidu, Shreya Patil, Vinod Chantala, Sateesh Bomman, Anoop Sudheendra, Akshatha Kolachalam, Vijetha, Amrit Akhouri, Raghava Soma, Kruthika H S, Bharath L C, and M B Pooja, but also concerns the work of anyone supervising their activities as well as any reports or emails they may have exchanged with management concerning bugs and patches.
      3.      All attachments for emails that have already been produced, as without them we cannot fully review the communications exchanged.  A selection of emails produced without all of their attachments is attached above to illustrate the issue.
      4.      Referring to Lloyd Weinstein's July 8, 2022 letter (the "July 8 Letter") and Demand 18, what documents support the claim that $283,294 is due and owing.
      5.      Referring to the July 8 Letter and Demand 19, please identify the documents that support HPS's alleged lost profit of $1,842,879. And as it is HPS's position that it was going to earn a roughly 100% profit above the "Cost to Company" ("CTC") rates, please provide us with HPS financials including income and profit and loss statements for the 2018-2022 period that HPS was performing the work for

Vaeso.

      6.      Referring to the July 8 Letter and Demands 29 and 30, what documents support the claim that a benefit has been conferred on Vaeso and that Vaeso has been unjustly enriched.

      7.      Referring to the July 8 Letter and Demand 54, please produce any employee schedules that HPS maintained for work on the Vaeso contract.

      8.      Referring to the July 8 Letter and Demand 56, please (as noted) produce all financial statements of HPS for the period in question including profit and loss and income statements.

      9.      Referring to the July 8 Letter and Demand 57, please produce any reports, studies or internal communications relating to the quality and efficiency of the work performed by HPS.

      10.      Referring to the July 8 Letter and Demand 61, please produce any communications or reports relating to the delays in performing the work for Vaeso.

We would request that these documents be produced with all of their attachments and that your response include a note of which documents pertain to which request, to avoid unnecessary further confusion. Additionally, we have attached to this email our Responses to your May 16, 2022 Requests for Admission. Thank you for your assistance in resolving these issues and we look forward to receiving your revisions to the Proposed Protective Order and speaking with you further on August 9th.

Leo G. Kailas
Reitler Kailas & Rosenblatt LLP
885 Third Avenue, 20th Floor
New York, New York 10022-4834
Phone (Direct): (212) 209-3012
Mobile: (917) 952-2969
lkailas@reitlerlaw.com

_____

*This e-mail (including any attachments) is intended only for the exclusive use of the individual[s] to whom it is addressed. The information contained herein or attached hereto may be proprietary, confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby on notice that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone (212-209-3050) or e-mail and delete all copies of this e-mail and any attachments. Thank you.*