UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VAESO, INC., <br><br> Plaintiff, <br> -v- <br><br> HIGH PEAK SOFTWARE, INC., <br><br> Defendant, | 22 Civ. 1220 (PAE) <br><br> ORDER |
| HIGH PEAK SOFTWARE, INC., <br><br> Counterclaim Plaintiff, <br> -v- <br><br> VAESO, INC., <br><br> Counterclaim Defendant, <br><br> and <br><br> IMPACTIVA S. DE R.I., <br><br> Third-Party Defendant. | |

PAUL A. ENGELMAYER, District Judge:

On May 23, 2022, third-party defendant Impactiva S. de R.I. ("Impactiva") moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss defendant High Peak Software Inc.'s ("High Peak Software") third, fourth, and fifth counterclaims. *See* Dkt. 19 (answer with counterclaims); Dkt. 37 (motion to dismiss). In support, Impactiva filed a memorandum of law, Dkt. 38, with attached exhibits, including a purported calculation of credits to Impactiva by High Peak Software, Dkt. 38-2, and purported credit remittances, Dkt. 38-3. On May 23, 2022, the Court

ordered High Peak Software to either amend its counterclaim or to otherwise respond to the motion to dismiss. *See* Dkt. 40. On June 6, 2022, Impactiva filed a supplemental memorandum of law in support of its motion to dismiss, Dkt. 41, with additional attached exhibits.

On June 13, 2022, High Peak Software filed a memorandum of law in opposition to the motion to dismiss. Dkt. 42. It argued that Impactiva's motion is a *de facto* motion for summary judgment in that it relies upon documents outside the pleadings and requires the Court to engage in contract interpretation and determine the intent of the parties. *Id.* at 4. To that end, High Peak Software urged that if the Court were to consider the exhibits that Impactiva submitted with its motion, the Court should treat the motion as one for summary judgment, and with written discovery as-yet incomplete, "defer ruling until such time as the parties have substantially completed discovery and permit [High Peak Software] adequate notice and an opportunity to submit additional supporting material contemplated by Fed. R. Civ. P. 56." *Id.* at 4–5.

Since High Peak Software filed its opposition in June 2022, the parties have continued to productively engage in discovery and have completed some depositions. *See, e.g.*, Dkts. 52, 53 (depositions completed); *see also* Dkt. 67 (amended case management plan scheduling the close of fact discovery for September 30, 2022 and expert discovery for October 17, 2022).

The Court's assessment, with High Peak Software, is that Impactiva's arguments are in the nature of summary judgment motions that should first be made *after* the close of discovery, and consistent with the Court's procedure with respect to motions for summary judgment. *See* https://nysd.uscourts.gov/hon-paul-engelmayer (Court's Individual Rules and Practices in Civil Cases). Under those rules, two weeks after the close of fact discovery, any party intending to move for summary judgment is to write the Court a three-page single-spaced letter summarizing the anticipated motion, and the opposing party has one week in which to respond at comparable

length. The Court will discuss any proposed motion(s) and set a schedule for briefing such motion(s), at a case management conference, which the Court has scheduled for November 14, 2022 at 11:00am. *See* Dkt. 67 (amended case management plan and scheduling order). The parties should call into the Court's dedicated conference line at (888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key. Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers.

All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time, and counsel are directed to appear promptly. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

Please email to EngelmayerNYSDChambers@nysd.uscourts.gov, no later than twenty-four hours before the conference, the names of any counsel who wish to enter an appearance at the conference, and the number from which each counsel will be calling.

The Court accordingly dismisses, without prejudice, Impactiva's motion to dismiss at Docket 37. The Clerk of Court is respectfully directed to close the pending motion.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 6, 2022
New York, New York